UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
August 17, 2007

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ROBERT BLAKELY, )<br>    TDCJ-CID No. 629680, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>    Texas Department of Criminal Justice, )<br>    Correctional Institutions Division, )<br>    Respondent. ) | Civil Action No. 7:04-CV-010-R |

## MEMORANDUM OPINION AND ORDER

Came on to be considered the papers and pleadings filed in this action, and this Court finds and orders as follows:

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. On July 21, 1992, Petitioner Robert Blakely pled guilty in cause number F-9136308-PJ to burglary of a habitation in the 3rd Criminal District Court of Dallas County, Texas, was convicted, and sentenced to a term of 50 years in prison. On August 5, 1992, Blakely pled guilty before the same court to:

1. aggravated robbery with a deadly weapon in cause number F-9221376-TJ;

2. aggravated robbery with a deadly weapon in cause number F-9221331-LJ;

3. aggravated assault with a deadly weapon in cause number F-9240414-UJ, and;

4. theft of property valued at more than $750 but less than $20,000 in cause number F-9104538-RJ.

He was convicted in all causes of action and sentenced to terms of 25 years, 25 years, 10 years, and 10 years, respectively. Finally, on September 18, 1992, Blakely pled guilty to two counts of

aggravated robbery in causes numbered F-91-1278-B and F-91-1031-B, as well as one count of aggravated robbery with a deadly weapon in cause number F-92-165-B, and was sentenced to three terms of 25 years for those offenses. As a condition of his plea agreements, Blakely's subsequent convictions were to run currently with his 50-year term.

On February 13, 2003, Petitioner Robert Blakely was found guilty in prison disciplinary hearing for case #20030355607 of extortion of money, a Level 1, Code 5.1 offense. Punishment was assessed at 45 days' commissary, recreation, and property privileges restriction; 15 days' solitary confinement; 45 days' cell restriction; retention at line class status L3; and forfeiture of 1,095 days' good time credits and $875.00. Blakely appealed this ruling through Step One of the TDCJ-CID grievance process, and on December 30, 2003, Assistant Warden James Mooneyham affirmed the decision and punishment. On January 1, 2004, Blakely filed a Step Two grievance, which was found to be without merit on January 23, 2004. Blakely filed the instant petition on January 10, 2004. A review of the procedural history of any of Blakely's appeals to the causes of action that led to his imprisonment is unnecessary here, because Blakely solely challenges the disciplinary proceedings.

In support of his petition, Blakely presents the following grounds for relief:

1. he was charged with an unconstitutionally vague offense;

2. his First Amendment right to social correspondence was violated when prison officials read and interfered with his mail;

3. prison officials denied him his due process rights by refusing to allow him to call and question the alleged witness/victim;

4. he received constitutionally deficient assistance of counsel at the disciplinary hearing, and;

> 5. prison officials wrongfully imposed an unavailable prison disciplinary punishment by placing a hold on his inmate trust account and seizing the $875.00 he was found guilty of extorting.

Fed. writ pet. at 7a, 7b, 7c; *Supplemental Petition* at 1. Blakely seeks declaratory judgment, expungement of the disciplinary report in question from his record, reinstatement of his 1,095 days' good-time credit and his prior custody status, and the return of the $875.00. *Id.* at 1-2.

Because this is a federal habeas corpus petition that challenges a prison disciplinary hearing, Blakely must overcome two procedural hurdles in order for this Court to consider his claims on the merits: (1) he must demonstrate that he has a protected liberty interest that merits the protection of due process, and (2) he must have properly exhausted his State remedies. This Court will now consider his procedural status.

The due process rights of prisoners are generally limited to freedom from restraint which "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Restrictions which merely alter the conditions of confinement do not implicate due process. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (commissary and cell restrictions); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (same). A prisoner has a protected liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *Malchi*, 211 F.3d at 957-58; *see also Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.) (finding that Texas prisoners have no protected liberty interest in early release on parole), *cert. denied*, 501 U.S. 1210 (1991).

When a prisoner has a protected liberty interest in the loss of accrued good time credits, the revocation of such credits must comply with minimal procedural due process. *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *see Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (holding that prisoners are entitled to "those minimum procedures appropriate under the

circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated"). This Court observes that changes in custody status and time-earning levels and temporary restrictions on privileges as a result of a prison disciplinary action do not implicate due process concerns. *See Malchi*, 211 F.3d at 958; *Madison*, 104 F.3d at 768. However, Petitioner Blakely has lost previously earned good-time credits and he is eligible for release to mandatory supervision. Therefore, it appears that he has a constitutionally protected liberty interest sufficient to justify the consideration of his petition on the merits. *See Malchi*, 211 F.3d at 958-59.

Because Blakely has a constitutionally protected liberty interest in his good-time days, the prison officials have a duty to afford Blakely a certain degree of due process in the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997). Those due process protections are (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the ability to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied on and the reasons for any disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Federal habeas review of the sufficiency of the evidence is extremely limited; due process requires only "some evidence to support the findings made in the disciplinary hearing." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 457 (1985); *see Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) (requiring the court to determine whether "any evidence at all" supports disciplinary action taken by prison officials), *cert. denied*, 455 U.S. 992 (1982). In addition to the due process safeguards outlined above, the Fifth Circuit Court of Appeals has held that it is a due process violation to punish a prisoner for conduct that he could not have known was prohibited. *Reeves v. Pettcox*, 19 F.3d 1060, 1061 (5th Cir. 1994); *Adams v. Gunnell*, 729 F.2d 362, 369-70 (5th Cir. 1984).

This Court now turns to the requirement that Blakely properly exhaust his available State remedies before seeking a federal writ of habeas corpus. Blakely filed his federal petition on January 10, 2004, fed. writ pet. at 9, which renders it subject to review under the heightened standard of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under 28 U.S.C. § 2254(b)(1)(A), a state prisoner's petition for a federal writ of habeas corpus shall not be granted unless the petitioner has exhausted his state court remedies. The exhaustion principle has as much relevance in areas of administrative concern as it does when a state *judicial* action is being attacked. *Baxter v. Estelle*, 614 F.2d 1030, 1031-1032 (1980). An inmate who wishes to challenge the result of disciplinary hearings against him via a petition for federal habeas relief must first exhaust his administrative proceedings by following all internal dispute resolution procedures. TEX. GOV'T CODE ANN. § 501.008 (Vernon 1998).

Respondent argues that Blakely is procedurally barred from bringing this case because he has not exhausted his State remedies. Blakely has not exhausted his State remedies, Respondent argues, because his Prison Grievance Forms state only that Blakely objected to the money that was confiscated, to the exclusion of the claims he raises now in the instant petition. *Respondent's Answer* at 5. By only complaining of the confiscated money, Quarterman argues, Blakely has not "fairly presented" the issues his now raises in federal court to the Texas state courts. *See Baldwin v. Reese*, 541 U.S. 27, 28-35 (2004); *Heck v. Humphrey*, 512 U.S. 477, 480 (1994) *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Anderson v. Harless*, 459 U.S. 4 (1982). Respectfully, this Court disagrees with Respondent Quarterman's conclusion, as a review of the evidence shows that Blakely did, in fact, properly raise each issue that appears in his federal habeas writ in his Prison Grievance

Forms. *See Petitioner's Exhibit A* at 1-2. Because Blakely has a protected liberty interest in his 1,095 days' earned good-time credit, and because he has properly exhausted his state remedies before filing this federal habeas petition, this Court will now consider his claims on the merits.

Blakely first claims that he was charged with an unconstitutionally vague offense in his disciplinary proceedings. "Capricious application of prison offense code 5.1 extortion of money has occurred," he argues, "as this rule is vague and the perimeters [sic] of its prohibition are imprecise in relation to my alleged misconduct. Nowhere within the existing agenda policy is the instant conduct [in] which I was involved specifically addressed or discouraged." Fed. writ pet. at 7(a). While this Court agrees with Blakely insofar as it finds the prison's definition of "extortion" rather vague, this Court also finds that Blakely was adequately put on notice to defend himself against the allegations the prison officials brought against him. The Preliminary Investigation Report charges that Blakely "did extort money by deception," and the Offender Notification Blakely received on August 21, 2003—six days before the disciplinary hearing on August 27—states that "Blakely, Robert, TDCJ-ID No. 00629680, did extort ($875.00) dollars from a (Tony Klimek) in that Offender Blakely claimed to be a homosexual and led (Mr. Klimek) to believe that he (Offender Blakely) was going to come and live with him upon his release and that he was in love with him." *Respondent's Exhibit B* at 1, 3.

Review of the record in this case reveals that Blakely has failed to present a viable ground for habeas relief. He does not claim to have been denied written notice of the disciplinary violation prior to the hearing or that he was denied the right to present evidence in his defense. Blakely was notified of the disciplinary charges on August 21, 2003, and the disciplinary hearing was held six days later. That the charges alleged against him may not have been extortion per se so much as fraud does not mean Blakely was improperly notified, as he was made well aware of the factual

nature of his alleged offense and given sufficient time to prepare a defense against it. Therefore, because Blakely was adequately notified on the nature of the charges against him, his claim of unconstitutional vagueness fails.

Next, Blakely alleges that prison employees violated his First Amendment right to freely correspond by interfering with his outgoing mail. He cites "frequent occurrences of people and offices which I wrote to receiving and reading letters that were not intended for them to receive, and also angered an acquaintance and compelled him to make baseless and revenge-driven allegations once he discovered through this interference that I was corresponding with someone else." Fed. writ pet. at 7(b). This Court assumes the "acquaintance" to which Blakely refers to be Klimek, with whom Blakely had romantically corresponded for some 17 months before the cross-matched mailings. As part of their correspondence, Blakely repeatedly expressed a desire to live with Klimek and to love him above anyone else. However, after the cross-matched mailings occurred, Klimek became aware that Blakely had also been writing letters for some time to a John Cousins—who, unlike Klimek, was on Blakely's list of permitted visitors, *Respondent's Exhibit B* at 14—and was "telling him the same stuff you've been telling me." *Petitioner's Exhibit C* at 1. Further, Blakely admitted in a letter to his mother that "I'm <u>NOT</u> gay, Mama."

Blakely's claim must fail for two reasons. First, "legitimate penological concerns regarding security, order, and rehabilitation" permit prison officials to read all of an inmate's non-privileged incoming and outgoing general correspondence. *Busby v. Dretke*, 359 F.3d 708, 721 (5th Cir. 2004); *Guajardo v. Estelle*, 580 F.2d 748, 755 n.4, 756-757 (5th Cir. 1974). As none of the correspondence introduced as evidence by either Blakely or Quarterman was between Blakely and the media or an attorney, his correspondence was not privileged, and prison officials could therefore open and read all of it. Blakely's allegations that prison officials deliberately interfered with his outgoing mail,

such that letters of his wound up in the hands of recipients he would rather they not have, are unsupported by any evidence and therefore merely conclusory. That some of Blakely's letters *did* wind up "in the wrong hands" is not itself conclusive evidence that Blakely's mail was deliberately tampered with; it is equally likely that such results were accidental, either on behalf of the prison mail staff or possibly even Blakely himself. As it stands, Blakely has merely alleged that prison officials interfered with his outgoing mail rather than provide any evidence to suggest that this is so. Accordingly, this claim fails.

Second, a petition for writ of habeas corpus may be entertained "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3). Absent a claim that challenges the fact or duration of confinement, habeas relief cannot be granted. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983), *cert. denied*, 465 U.S. 1010, 104 S.Ct. 1008 (1984). Blakely's First Amendment claim does not implicate the fact or duration of his confinement and is, therefore, not cognizable in a habeas proceeding.

Blakely's next claim is that he was not allowed to call witnesses on his behalf. Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986), *cert. denied*, 479 U.S. 1030 (1987). Where the only evidence of a missing witness's testimony is provided by the habeas petitioner himself, federal courts view his claims with great caution. *Id.* (citing *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985)). A meritorious claim of uncalled witnesses requires the petitioner to show not only that the testimony would have

been favorable, but also that the witness would have so testified during the proceeding. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

Blakely's claim meets none of these requirements. He has not shown that any of his proposed witnesses would have been available to testify, that their testimony would have been favorable to him, or that the witnesses would have testified to such testimony during the proceedings. Indeed, going by the letters from Blakely's "alleged victim" Tony Klimek[1] written after he was made aware of Blakely's deception, the proposed witnesses' testimony would likely have been most *unfavorable* to him. *See Petitioner's Exhibit C*.

Next, Blakely alleges that he received constitutionally deficient assistance of counsel during the disciplinary action. A prison inmate has no constitutional right to either retained or appointed counsel in a disciplinary proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 315, 96 S.Ct. 1551, 1556 (1976); *Enriquez v. Mitchell*, 533 F.2d275 (5th Cir. 1976). If there is no constitutional right to counsel in a disciplinary proceeding, the prisoner cannot be deprived of effective assistance of counsel, even where counsel or "substitute counsel" is appointed.[2] *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 1301 (1982); *see also Blankenship v. Johnson*, 118 F.3d 312, 316 (5th Cir. 1997) (claim of ineffective assistance of counsel must be predicated on underlying right to the assistance of counsel). Petitioner cannot succeed on this ground for relief.

Blakely's fifth and final claim is that confiscation of the $875.00 he received from Klimek was against prison disciplinary regulations and therefore in violation of his Fifth and Fourteenth

---

[1]Although Blakely does not specifically name Klimek as the "alleged witness/victim" he intended to call, it is apparent to this Court that this is the case, as Klimek is the only named victim on the prison's disciplinary charges.

[2] In many prison disciplinary proceedings, a non-lawyer advocate, known as "substitute counsel" is appointed to assist the inmate in presenting his defense.

Amendment rights. This claim, however, must also fail, because it is well settled that a prison authority's failure to follow internal rules or administrative procedures does not, in itself, give rise to any issue of constitutional magnitude as long as minimum constitutional requirements are met. *See, e.g., Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). As it has already been observed that prison officials did in fact satisfy the minimum constitutional requirements of a prison disciplinary hearing, whatever deviations, if any, from the rules that occurred in confiscating the $875.00 from Blakely do not give rise to any issues of constitutional magnitude. Thus, Blakely's claim fails.

For the foregoing reasons, IT IS ORDERED that this petition for writ of habeas corpus is DENIED.

The Clerk of the Court shall transmit a copy of this order to the Petitioner and Counsel for the Respondent.

SO ORDERED this 17th day of August, 2007.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE